IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 9:23 am, Mar 27, 2018*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>MARCUS MUNGIN,<br><br>        Defendant. | CASE NO.: 2:18-cr-14 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is the Government's Motion for Revocation of Defendant Marcus Mungin's ("Mungin") Pre-Trial Release. (Sealed Doc. 114-1.)  The Court conducted a hearing on this matter on March 22, 2018, pursuant to 18 U.S.C. § 3148.  For the reasons set forth on the record at this hearing and supplemented below, the Court **GRANTS** the Government's Motion, **REVOKES** Mungin's pretrial release, and orders that Mungin shall remain **DETAINED** until the resolution of the criminal proceedings against him or otherwise determined by the Court.  The undersigned **RECOMMENDS** that the appearance bond in the amount of $30,000 be **FORFEITED**, but that the entire $30,000 be **SET ASIDE** pursuant to Fed. R. Crim. P. 46(f)(2), and the Bond should be otherwise **EXONERATED**.[1]

### BACKGROUND

In this action, Defendant is charged with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846; and with unlawful use of

---

[1] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009).  Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

a communications facility, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (Doc. 3.) On March 14, 2018, the Court entered an Order setting the conditions of Mungin's pretrial release. (Doc. 47.) That Order set an Appearance bond in the amount of $30,000 to be secured by a solvent surety. (Id. at p. 1.) The Court also ordered, in relevant part, that Defendant: not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. (Id. at p. 2.) On this same date, Mungin signed an Appearance Bond and agreed to "comply with all conditions set forth in the Order Setting Conditions of Release." (Doc. 48, p. 1.) The Bond made it clear that, if Defendant did not fulfill that agreement, the bond and any security would be forfeited and the Court could "order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interests and costs." (Id.) Mungin's bond was secured by Bernice Watson Mungin, as a third party surety. (Id. at p. 2.)

## I.   Alleged Violations of Pretrial Release

In the Government's petition, the United States Probation Office alleged Mungin violated the above-referenced conditions of supervision. Specifically, Officer Fonda Dixon alleged that on March 15, 2018, Mr. Mungin reported for a urinalysis and provided a urine specimen that tested positive for marijuana. (Sealed Doc. 114-1.) Mungin admitted that he used marijuana on March 14, 2018, following his release from custody. (Id.)

Mungin was subsequently arrested and an initial appearance was held on March 22, 2018. (Doc. 115.) Additionally, a bond revocation hearing was held later that same day. (Doc. 116.) Mr. Mungin appeared at both hearings with counsel. After consultation with counsel, Defendant Mungin stipulated that he violated the conditions of his pretrial release as alleged in the Petition.

The Court finds by clear and convincing evidence that Mungin violated the conditions of release previously imposed by the Court.  18 U.S.C. § 3148(b)(1)(a).  Mungin is addicted to, or abuses, mood-altering chemicals and is likely to continue such conduct and violate the law if permitted to remain on pretrial release.  Additionally, Mungin will not likely comply with conditions which restrict Mungin's travel, personal contacts, and possession of drugs, alcohol, and/or firearms, require reporting, education, employment, or treatment, or monitor Mungin's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), and such conditions will not sufficiently ameliorate the risks posed if Mungin is allowed to continue pretrial release.  Accordingly, the Court hereby **REVOKES** Mungin's bond.

However, during the bond revocation hearing, the Government moved for detention unless and until Mungin can be released into an inpatient treatment facility.  (Doc. 116.)  The Court directed Mungin's counsel to search for such a facility and to file a motion to that effect if and when an appropriate facility is identified.  (Id.)  As stated at the hearing, given Mungin's health issues and his candor with the Court, the Court will entertain a motion to revisit the issue of Mungin's bond and release to an appropriate inpatient treatment facility.  However, until further order of the Court, Mungin is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, including his co-Defendants in this case.  Mungin must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Mungin to the United States Marshal for a court appearance.

**II.     Forfeiture**

Having found that a condition of the Appearance Bond has been breached, pursuant to Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited." Fed. R. Crim. P. 46(f)(1). Forfeiture is triggered not just by a failure to appear but also by violations of other conditions. Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969).[2] Additionally, forfeiture results in liability not just as to the defendant but also as to any surety on the bond. See United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety jointly and severally liable for forfeiture); United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). As described above, Mungin has breached the express conditions of his release, and, therefore, his bond must be forfeited.

However, under Federal Rule of Criminal Procedure 46(f)(2), the Court may set aside a forfeiture in whole or in part if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2). Rule 46(f)(1) combines with Rule 46(f)(2) and (f)(4) to give district courts "virtually unbridled discretion" in remitting bond forfeiture. United States v. Gonzalez, 452 F. App'x 844, 845 (11th Cir. 2011). Factors that courts consider when assessing whether to set aside all or a portion of a forfeiture include: the defendant's willfulness in breaching release conditions; the amount of delay caused by the defendant's default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend. See United States v. Diaz, 811 F.2d 1412, 1415 (11th Cir. 1987); see also United States v. Nguyen, 279 F.3d 1112, 1115–16 (9th Cir. 2002).

---

[2]  The Eleventh Circuit Court of Appeals has adopted as binding decisions issued by the former Fifth Circuit Court of Appeals prior to September 30, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1210 (11th Cir. 1981).

Justice requires setting aside all of the forfeiture in this case. Mungin's willfulness and immediacy in breaching the conditions of his Bond cannot be overstated. In addition, while Mungin's breach did not cause delay in the trial of this case, it resulted in cost and inconvenience to the Court and the Government. Nevertheless, Mungin appeared contrite for his violations at the hearings and saved the Government and the Court time and resources by stipulating to his violation. Counsel for Mungin provided several mitigating factors at the hearing. These factors include Mungin's: candor to the probation officer regarding his violation; work history; struggle with drug addiction; and, most compellingly, Mungin's medical history and his current dependency on dialysis several times a week. Further, the surety Bernice Watson Mungin does not appear to be responsible for Mungin's violations of his pretrial release conditions, and there is no evidence that she participated in Mungin's admitted violations.

## CONCLUSION

The Court **GRANTS** the Government's Motion, **REVOKES** Mungin's pretrial release, and orders that Mungin shall remain **DETAINED** until the resolution of the criminal proceedings against him or otherwise determined by the Court.

In light of the foregoing and the evidence received at the hearing, I **RECOMMEND** that the appearance bond in the amount of $30,000 be **FORFEITED**, but that the entire $30,000 be **SET ASIDE** pursuant to Fed. R. Crim. P. 46(f)(2), and the Bond should be otherwise **EXONERATED**.[3]

The Court **ORDERS** any party seeking to object to this Order and Report and Recommendation to file specific written objections within fourteen (14) days of the date on

---

[3] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

which this Order and Report and Recommendation is entered.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See Thomas v. Arn, 474 U.S. 140, 155 (1985).

If the Court receives any timely objections to the Order that Defendant be detained pending trial, a district judge will review such objections and will modify or set aside a part of the Order only if it is contrary to law or clearly erroneous.  Fed. R. Crim. P. 59(a).  If the Court receives any timely objections to the Report and Recommendation regarding forfeiture, a district judge will consider such objections and, upon a de novo review of the record, may accept, reject, or modify, in whole or in part, the findings or recommendations herein.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).  Objections not meeting the timeliness and specificity requirements set out above will not be considered by a district judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon all parties and upon the surety, Bernice Watson Mungin.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 27th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA